**TRUDY A. NOWAK, P.C.**
**Bankruptcy Law Strategists**
**Attorneys at Law**
2001 E. Campbell Avenue, Suite 201
Phoenix, AZ 85016
Trudy A. Nowak (AZ Bar No. 021567)
Email: tnowak@bklaws.com
Telephone: (480) 759-0524
Attorney for Stanley J. Kartchner, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>Sheila Denise Mott,<br><br>           Debtor.<br>_____<br>STANLEY J. KARTCHNER, Chapter 7 Trustee,<br><br>           Plaintiff,<br>  v.<br><br>CANYON STATE CREDIT UNION, and/or its assignees, successors, predecessors or representatives,<br><br>           Defendant. | Case No. 4:13-bk-09315-EWH<br><br>Chapter 7<br><br><br><br>Adv. No. 4:13-ap-01280-EWH<br><br><br>**COMPLAINT** |

Plaintiff Stanley J. Kartchner, the duly appointed Chapter 7 Trustee herein ("Plaintiff"), alleges for Plaintiff's complaint against Defendant Canyon State Credit Union, and/or its assignees, successors, predecessors or representatives ("Defendant"), as follows:

**GENERAL ALLEGATIONS**

1. This adversary proceeding is brought in connection with the above-captioned case pending under Chapter 7 of Title 11, U.S.C.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, General Order No. 126 of the United States District Court for the District of Arizona, and 11 U.S.C. §§ 547, 550 and 551.

3. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. Plaintiff is the duly appointed Chapter 7 Trustee herein.

6. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to determine the validity, priority, or extent of a lien or other interest in property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

7. The Trustee is permitted to bring this adversary proceeding on behalf of the estate pursuant to Federal Rule of Bankruptcy Procedure 6009.

8. Sheila Denise Mott, the debtor herein ("Debtor"), filed a Voluntary Chapter 7 Petition on May 31, 2013 ("Filing Date").

9. Prior to the Filing Date, on March 26, 2013, Debtor purchased and took possession of a 2008 Nissan Altima, VIN 1N4BL24E68C215612 ("Vehicle").

10. On the Filing Date, the Debtor was the owner of the Vehicle.

11. Upon information and belief, the Debtor's purchase of the Vehicle was financed by Defendant.

12. Upon information and belief, Defendant asserts a secured interest in and lien upon the Vehicle.

13. Pursuant to applicable law, a secured interest in a motor vehicle is perfected by indication of the lien upon the certificate of title. *See Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, 118 S.Ct. 651 (1998); *See also* A.R.S. § 28-2132.

14. Upon receipt of an application for title, the Arizona Motor Vehicle Department is required to endorse on the application the date and hour it was received at the registering office of the Department. *See* A.R.S. § 28-2132.

15. The filing and issuance of a new certificate of title is constructive notice to creditors of the owner or subsequent purchasers of all liens and encumbrances against the vehicle described in the certificate of title. *See* A.R.S. § 28-2133(B).

16. Arizona law provides that if the application for a certificate of title and related, required documents referred to in Title 28 of the Arizona Revised Statutes, Article 4, are delivered to the registering office or an authorized third party provider of the Department within thirty days after the date of their execution, the constructive notice dates from the time of execution; otherwise, the notice dates from the time of receipt and filing of the documents by the Department as shown by its endorsement. *See* A.R.S. § 28-2133(B).

17. The method provided in A.R.S. § 28-2133(B) for giving constructive notice of a lien or encumbrance on a vehicle is exclusive. *See* A.R.S. § 28-2133(C).

18. State law grace periods for creditors to perfect security interests are inapplicable in the bankruptcy context; a creditor cannot invoke the enabling loan defense under 11 U.S.C. § 547(c)(3)(B) to a preference action commenced by a trustee under 11 U.S.C. § 547 when it perfects its security interest more than 30 days after the debtor took possession, even if state law creates a longer grace period for the perfection of a security interest. *See Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, 213, 216-17 (1998).

19. Attached as Exhibit "A" is a true and correct copy of the Arizona Title and Registration Application ("Application") for the Vehicle.

20. As indicated on the attached Application, Defendant's lien against the Vehicle was endorsed and filed with, and/or delivered to, the Arizona Motor Vehicle Department on April 26, 2013, and this date is the date of the Defendant's perfection of its lien under State law.

21. The value of the transfer from Debtor to Defendant is the lesser of the value of the Vehicle at the time of sale to Debtor or the amount financed by Defendant at the time of the granting of the security interest.

22. Upon information and belief, the value of the Vehicle at the time of sale to Debtor was $24,890.00.

23. Upon information and belief, the amount financed by Defendant at the time of the granting of the security interest was $14,121.00.

24. Debtor indicated on Debtor's Schedule D filed with the Bankruptcy Court that the lien balance owed to Defendant on the Filing Date was $16,387.63.

25. Upon information and belief, the value of the transfer is at least $14,121.00.

## COUNT ONE

**(Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547)**

26. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

27. Pursuant to 11 U.S.C. § 547, a trustee may avoid any transfer of an interest of the debtor in the property to or for the benefit of a creditor, for or on any account of an antecedent debt owed by the debtor before such transfer was made, made while the debtor was insolvent, made within 90 days of the filing of the petition (or within one year of the filing of the petition if the transfer is made to an insider), and that enabled that creditor to receive more than the creditor would receive upon liquidation of the estate had the transfer not been made. 11 U.S.C. § 547(b).

28. As set forth above, Defendant's lien was perfected against the Vehicle within 90 days prior to the Filing Date.

29. As set forth above, Defendant failed to perfect its lien against the Vehicle within 30 days of the date the Debtor purchased the Vehicle.

30. Upon information and belief, Defendant's perfection of its lien was a transfer of an interest of the Debtor in the property to or for the benefit of the Defendant.

31. Upon information and belief, Defendant's perfection of its lien was made for or on the account of an antecedent debt owed by the Debtor to Defendant.

32. Upon information and belief, Debtor was insolvent at the time of the transfer of the lien to Defendant.

33. Upon information and belief, the transfer of the lien to Defendant will allow Defendant to receive a greater distribution than it would have received upon a liquidation of the estate had the transfer not been made.

34. Plaintiff asserts that the late-filed lien constitutes a preferential transfer and may be avoided by the Plaintiff, as trustee. See *Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, 118 S.Ct. 651 (1998).

35. Moreover, upon information and belief, Debtor made payments to Defendant within the 90-day prepetition period; these payments constitute preferential transfers and may be avoided by the Plaintiff, as trustee.

## COUNT TWO

**(Recovery of Property Transferred Pursuant to 11 U.S.C. § 550)**

36. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

37. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. § 547, the trustee may recover, for the benefit of the estate, the property transferred or the value of the property or payments made.

38. As set forth above, Plaintiff, as the trustee herein, is entitled to avoid the transfer of the lien against the Vehicle pursuant to 11 U.S.C. § 547.

39. Pursuant to 11 U.S.C. § 550, Plaintiff, as the trustee herein, is entitled to an order of this Court directing that the lien against the Vehicle is recovered for the benefit of this estate, along with all prepetition and postpetition payments made by the Debtor to the Defendant.

40. Alternatively, pursuant to 11 U.S.C. § 550, Plaintiff, as the trustee herein, is entitled to an order of this Court for the value of the transfers from Debtor to Defendant. *See In re Taylor*, 599 F.3d 880 (9th Cir. 2010).

## **COUNT THREE**

### **(Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551)**

41. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

42. Pursuant to 11 U.S.C. § 551, any transfer avoided under § 547 of the Bankruptcy Code is preserved for the benefit of the estate, but only with respect to property of the estate.

43. To the extent that the Trustee prevails in avoiding the Defendant's lien against the Vehicle, that lien position is preserved for the benefit of the estate.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. For avoidance of any secured interest claimed by Defendant and/or Defendant's assignees, successors, predecessors or representatives against the Vehicle and/or the sales proceeds of the Vehicle, pursuant to 11 U.S.C. § 547;

B.  For recovery of the lien for the benefit of the estate, pursuant to 11 U.S.C. § 550;

C.  For recovery of all prepetition and postpetition payments made by Debtor(s) to Defendant;

D.  For recovery of the value of the transfer, pursuant to 11 U.S.C. § 550, i.e., $14,121.00 and a judgment in this amount against Defendant;

E.  For preservation of the avoided lien position for the benefit of the estate, pursuant to 11 U.S.C. § 551;

F.  For an order of this Court directing that the estate is entitled to the proceeds from the sale of the Vehicle free and clear of any interest asserted by Defendant and/or its assignees, successors, predecessors or representatives;

G.  Directing the Arizona Motor Vehicle Department to issue a new Certificate of Title to "Stanley J. Kartchner, as Chapter 7 Trustee for the Estate of Sheila Denise Mott", free and clear of any liens or other interests held or asserted by Defendant and/or its assignees, successors, predecessors or representatives;

H.  For Plaintiff's actual attorneys' fees, or in the case of default by Defendant, attorney's fees in the amount of $1,000.00 for the preparation and filing of this Complaint and the preparation and filing of all default pleadings;

I.  For Plaintiff actual costs, or in the event of default, costs in the amount of $293.00 for the filing fee to file this Complaint; and

J.  For such other and further relief as the Court deems just and proper.

Dated: November 27, 2013

                                   TRUDY A. NOWAK, P.C.

                                   <u>/s/ Trudy A. Nowak</u>
                                   Trudy A. Nowak
                                   Attorney for the Trustee